UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 13-25-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CHRISTOPHER CHARLES JOSEPH | ) | **MEMORANDUM OPINION** |
| FORRISTEL, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

On April 17, 2013, Defendant Christopher Charles Joseph Forristel entered a guilty plea to Count 1 of the Indictment which charged him with knowingly transporting child pornography in violation of 18 U.S.C. § 2252(a)(1). [Record No. 30]  Although the Indictment also charged Forristel with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), the United States agreed to seek dismissal of that count at the time of the sentencing hearing which is currently scheduled for July 31, 2013. [Record No. 31]

The factual basis for Forristel's guilty plea is set out in paragraph 3 of the written Plea Agreement.  That paragraph provides:

> (a)      In early 2012, the Defendant's family reported to the FBI that they had observed files indicative of child pornography on the Defendant's computer in Lexington, Kentucky.  Pursuant to a state search warrant, forensic examiners found at least 22 videos of child pornography saved upon the Defendant's computer, identified in the Forfeiture Allegation of the Indictment.

> (b)      Defendant admitted, and foresnics confirmed, that he downloaded the child pornography in California, and then brought the computer with him when

-1-

he moved to Kentucky in November 2011.  He also admitted using specific search terms to find child pornography, and that images would likely still be located on his computer.

(c)      The Defendant knew that the images depicted minors engaged in sexually explicit conduct, and knew or should have known that his computer contained those images when he transported it from California to the Eastern District of Kentucky.

[*Id.*]

The Presentence Investigation Report ("PSR") was prepared on June 10, 2013, and submitted for the parties' review and comment.  While minor changes were made, the Addendum to the PSR indicates that neither the United States nor the Defendant submitted substantive objections pertaining to the guideline calculation contained in the report.  However, on July 22, 2013, counsel for Defendant Forristel filed a Motion for Departure from the guideline range outlined in the PSR.  More specifically, the Defendant requests a four-level departure because, according to counsel, Forristel's actual conduct is more akin to possession of child pornography that the transportation of child pornography.[1]

The relevant Offense Level calculations are set out in paragraphs 14 through 27 of the PSR.  As counsel correctly indicates, Forristel's Base Offense Level of 22 is calculated

---

[1]      Counsel argues that the Defendant:

simply moved from California to Kentucky, and in doing so brought his personal property, including the laptop which contained the downloaded child pornography, with him.  There is no reason to believe, and the prosecution has never suggested, that the Defendant intended, or had any purpose in coming to Kentucky, other than to live here.  As such, his conduct is no different from a defendant who downloaded the identical pornography who lived in Kentucky.  The Defendant's conduct, morally speaking, and in terms of harm to society or any victims, is identical to CJ's conduct, and that defendant would be sentenced under the possession guideline, as CJ should be sentenced.

[Record No. 36-1, p. 2]

-2-

according to United States Sentencing Guideline ("USSG") § 2G2.2(a)(2) which applies to convictions for the interstate transportation of child pornography.[2]  After enhancements for Specific Offense Characteristics are applied, and a three level reduction for acceptance of responsibility is considered, Forristel's Total Offense Level is calculated as being 34.  Combined with a Criminal History Category I, the Defendant's range of imprisonment under the non-binding sentencing guidelines is 151 to 188 months.

Although counsel mentions that Forristel was only twenty-two years old when the offense was committed, it does not appear that the Defendant's motion is based on the provisions of USSG §5K2.22.[3]  Instead, the focus of the Sentencing Memorandum filed in conjunction with the Motion for Downward Departure is upon the similarity of Forristel's criminal actions with the actions of individuals convicted of possession of child pornography.  However, as the United States Court of Appeals for the Sixth Circuit has recognized, "Congress has specifically instructed that child crimes and sexual offenses are to be treated differently than other types of crimes – the 'sole grounds' permissible for a downward departure are those 'expressly enumerated' in Part 5K.  *See United States v. Reilly*, 662 F.3d 754, 758 (6th Cir. 2011), *cert. denied*, 132 S.Ct. 1939 (2012) (rejecting lack of criminal history and prior military service as

---

[2]       According to USSG § 2G2.2(a)(1), a Base Offense Level of 18 is applied if a defendant is convicted of a possession offense under 18 U.S.C. § 2252(a)(4).

[3]       USSG § 5K2.22 provides that age may be a reason to depart downward with regard to defendants convicted of sexual offenses "only if and to the extent permitted by § 5H1.1."  Under USSG § 5H1.1, age may be relevant in determining whether a departure is warranted, if "considerations based on age, individually or in combination with other offender characteristics, are presented to an unusual degree and distinguish the case from the typical cases covered by the guidelines. . . ."

permissible grounds for departure because these factors are not specifically enumerated in USSG 5K).

To avoid any misunderstanding or possible confusion regarding the scope of the Court's ruling, at sentencing, the Defendant will not be prevented from arguing that a variance from the guideline range is appropriate based on any relevant factor identified in 18 U.S.C. § 3553. Likewise, the Court's ruling is not intended to prohibit the Defendant from asserting that a departure is appropriate under any enumerated factor outlined in USSG 5K. This includes a potential departure under USSG 5K2.22 – or any other provision of Part 5K of the guidelines – if that particular section is thought to be relevant under the facts presented. However, due to the nature of the conviction here, the defendant cannot simply base a request for a departure upon an argument that the offense of conviction "is similar" to a conviction for possession of child pornography. *See* USSG 5K2.0(b). And that is the nature of the argument contained in the Defendant's present motion. Accordingly, it is hereby

**ORDERED** that Defendant Christopher Charles Joseph Forristel's Motion for Downward Departure [Record No. 36] is **DENIED**.

This 24th day of July, 2013.



Signed By:

_Danny C. Reeves_

United States District Judge